IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSIE LAYLA RAEKE | * | |
| | * | |
| v. | * | Civil Case No. GLR-15-1726 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. Raeke's reply. [ECF Nos. 17, 20, 21]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Raeke applied for Disability Insurance Benefits on July 16, 2012, alleging a disability onset date of May 25, 2012. (Tr. 18). Her claim was denied initially on October 23, 2012, and on reconsideration on May 15, 2013. (Tr. 128-33). An Administrative Law Judge ("ALJ") held a hearing on October 23, 2014, (Tr. 39-103), and subsequently denied benefits to Ms. Raeke in a written opinion dated November 17, 2014. (Tr. 15-38). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the

Agency.

The ALJ found that Ms. Raeke suffered from the severe impairments of hypothyroidism, obesity, lumbar degenerative disc disease, left nephrectomy, fibrositis/fibromyalgia/chronic fatigue syndrome, and dementia/amnestic disorder. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Raeke retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs (never climbing of ladders, ropes, or scaffolds). The claimant must avoid concentrated exposure to extreme heat, extreme cold, excessive vibration, hazardous moving machinery, and unprotected heights. The claimant is restricted to performing simple, routine, and repetitive tasks in a low-stress work environment (no strict production quotas).

(Tr. 25). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Raeke was capable of performing jobs existing in significant numbers in the national economy. (Tr. 32). Accordingly, the ALJ determined that Ms. Raeke was not disabled. *Id.*

Ms. Raeke disagrees. She raises several primary arguments in support of her appeal: (1) that the ALJ's decision ran afoul of the decision of the United States Court of Appeals for the Fourth Circuit in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ's opinion did not contain an adequate function-by-function analysis; (3) that the ALJ's credibility analysis was deficient; (4) that the ALJ assigned inadequate weight to the opinion of her treating rheumatologist, Dr. Hawkins-Holt; and (5) that the ALJ improperly assigned weight to other physicians and failed to discuss certain GAF scores in the medical record. While the first two arguments lack merit, I agree generally that the ALJ's assignment of weight to Dr. Hawkins-Holt's opinion was not supported by substantial evidence, and that the deficiency is exacerbated by the other evidence that was not discussed when the ALJ analyzed Ms. Raeke's credibility. I therefore recommend that the case be remanded for further consideration. In recommending

remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Raeke is not entitled to benefits is correct or incorrect.

Ms. Raeke's primary cited reason for disability is her fibromyalgia and the related cognitive effects. Social Security Ruling ("SSR") 12-2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. SSR 12-2p, 2012 WL 3104869 (July 15, 2012). It does not appear that the ALJ or the Appeals Council considered whether SSR 12-2p affected the outcome of Ms. Raeke's claim.

Specifically, SSR 12-2p provides that the ALJ "will consider a longitudinal record whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, at *6. In this case, the ALJ assigned only "modest weight" to the opinion of Ms. Raeke's longtime treating rheumatologist, Dr. Hawkins-Holt, on the grounds that the opinion "is inconsistent with Dr. Hawkins-Holt's own treatment notes indicating, repeatedly, that the claimant is doing well and that her fibromyalgia is stable and well controlled with a Fentanyl patch." (Tr. 30). In fact, while Dr. Hawkins-Holt's treatment notes do repeatedly contain that verbatim assertion in one section, the notes also provide far more nuanced descriptions of Ms. Raeke's conditions at her various appointments. It is clear from the treatment notes that Ms. Raeke has good days and bad days. On bad days, Ms. Raeke has to use hydrocodone in addition to Fentanyl, and even with both medications sometimes remains in pain. *See, e.g.,* (Tr. 464-65) ("Not doing well with increased pain"); (Tr. 466) ("Energy level is still low and mental fogginess"); (Tr. 463) ("She has good and bad days. On the bad days, she takes hydrocodone which does seem to help); (Tr. 600-02) ("Feels 'crappy.' Increase in pain, fatigue. . . Hurts to sit and stand and only better if lies down."). The ALJ does not acknowledge those treatment notes, contrary to SSR 12-2p's mandate that the ALJ should

consider the longitudinal record and the waxing and waning symptoms of fibromyalgia. Essentially, if the ALJ is to assign less than controlling weight to the opinion of a longtime treating rheumatologist like Dr. Hawkins-Holt, more specific evidence undermining that opinion should be referenced, in light of the fact that Dr. Hawkins-Holt's treatment notes could be deemed to support either position.

Ms. Raeke's complaints regarding the ALJ's credibility analysis bolster the above finding. Ms. Raeke is correct that many of the activities of daily living cited by the ALJ are not regular occurrences, but one-time activities that resulted in a marked uptick in her levels of pain, or failed attempts at educational or work activities. *See, e.g.,* (Tr. 23) (reference to being "enrolled in online college classes" although she failed her classes due to health concerns); *Id.* (reference to work "in direct sales as an Avon and Jamberry Nails representative" although those efforts resulted in only nominal income or lost money); *Id.* (reference to her ability to "attend a Chi Quong seminar, and go to the beach" though her testimony was that these were one-time activities resulting in exacerbation of her symptoms). Moreover, the ALJ's note suggesting "evidence of drug-seeking behavior," (Tr. 27), is not supported by the record, which reflects only that Ms. Raeke became upset on a single occasion when a doctor proposed a change to her medication regimen. Otherwise, there is no evidence that Ms. Raeke used narcotic medicine inappropriately or exceeded the prescribed amounts. Finally, Ms. Raeke correctly notes that the ALJ failed to discuss certain aspects of the opinions of Drs. Singh and Anderson, failed to discuss GAF scores determined by other medical providers, and failed to address medication side effects. While those issues might not otherwise warrant remand, since the case is being remanded for other reasons, the ALJ should rectify the omissions.

Turning to the unsuccessful arguments, the ALJ's opinion in this case does not violate the

dictates of *Mascio*.  The ALJ determined, with substantial evidence, that Ms. Raeke suffered from moderate difficulties in concentration, persistence, or pace.  (Tr. 24).  Accordingly, in the RFC assessment, the ALJ restricted Ms. Raeke to "simple, routine and repetitive tasks in a low-stress work environment (no strict production quotas)."  (Tr. 25).  That limitation sufficiently accounts for the finding of moderate difficulties and specifically addresses the inability to sustain work at a particular pace.  Additionally, I find no error in the ALJ's function-by-function analysis.  With the exception of the deficiencies in the credibility analysis and assignments of weight above, then, the ALJ sufficiently addressed Ms. Raeke's ability to function in a work setting.  Thus, no *Mascio* error is present.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 20);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 17);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: March 9, 2015                                                                  /s/
Stephanie A. Gallagher
United States Magistrate Judge